FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
APR 10 2017
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
XIU JIAN SUN,

                Plaintiff.

-against-

KIN CHEUNG,

                Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-5734 (ENV) (CLP)

VITALIANO, D.J.

On October 14, 2016, *pro se* plaintiff Xiu Jian Sun commenced this action against defendant Kin Cheung, who is identified in the complaint as a clerk of the Supreme Court of the State of New York, Appellate Division, Second Department. ECF Dkt. No. 1. Sun paid the statutory filing fee in this action. *See* Oct. 14, 2016 Filing Fee Receipt.

After plaintiff failed to take any steps to advance this case beyond filing the complaint, and also failed to comply with several court orders despite being warned that noncompliance could result in dismissal, Magistrate Judge Cheryl L. Pollak issued a report and recommendation ("R&R"), dated March 2, 2017, recommending that this case be dismissed for failure to prosecute. *See* ECF Dkt. No. 7. The R&R gave the required notice that any objection had to be filed, in writing, within 14 days after the parties received it. *Id.* at 3.

Instead of filing any objection to the R&R, Sun commenced a separate lawsuit against Judge Pollak, attaching the R&R issued in this case as an exhibit to that new complaint. *See Sun v. Pollak*, No. 17-cv-1570 (E.D.N.Y.), ECF Dkt. No. 1. In that complaint, plaintiff asserts that, after he received notice of Judge Pollak's R&R, "Jehovah" instructed him to sue Judge Pollak, whom he dubs "Pharisees":

On the date of March 09, 2017, when the notification from United

1

> States District Court Eastern District of New York is received, Jehovah, -the Lord god of host sent the messenger speaks to spiritual Adam, -plaintiff through angel, says: "Pharisees don't even open the door". . . .
>
> Jehovah,- the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "Trial with god's law. Apply for jury to prevent insult and unfair behavior."

*Id.* at 1.[1] No response to the R&R was ever filed by Sun on this docket.

## Discussion

While a district judge "must determine *de novo* any part of the magistrate judge's [report and recommendation] that has been properly objected to" by any party, nothing in plaintiff's complaint against Judge Pollak can be construed, with maximum liberality, as interposing such "specific written objections" to the R&R issued in this case. *See* Fed. R. Civ. P. 72(b)(2)-(3). If anything, Sun's complaint against Judge Pollak merely confirms that he was aware of the ongoing proceedings in this action against Cheung, which underscores that his disregard of court orders and overall failure to prosecute this action was knowing and deliberate—rather than inadvertent. So, too, was his failure to file written objection here.

The Court, therefore, finds that, with proper notice given, *see* ECF Dkt. No. 7 at 3, no party has filed an objection to Judge Pollak's R&R, and the time to do so has passed. In accordance with the applicable clear-error standard of review, *see Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014), the Court has carefully reviewed the R&R, and finds it to be correct, well-reasoned, and free of any clear error.

---

[1] Plaintiff's separate action against Judge Pollak, captioned *Sun v. Pollak*, No. 17-cv-1570 (E.D.N.Y.), was, on this date, also dismissed.

The Court, therefore, adopts it, in its entirety, as the opinion of the Court.[2]

Conclusion

In line with the foregoing, the report and recommendation of Magistrate Judge Pollak, dated March 2, 2017 (ECF Dkt. No. 7), is adopted, in its entirety, as the opinion of the Court. This action is, therefore, dismissed for failure to prosecute.

Although plaintiff paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
      April 6, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

---

[2] Even if plaintiff's complaint against Judge Pollak could be construed as an objection to the R&R in this case, because the Court is in full agreement with the R&R, the Court would adopt it, in full, even upon *de novo* review.